UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| BARBARA J. REGA, | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 2:17-cv-00110-JAD-NJK |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| VANGUARD INTEGRITY PROFESSIONALS, INC., et al., | ) ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 2. Plaintiff also filed a Complaint. Docket No. 1.

**I.    *In Forma Pauperis* Application**

Plaintiff submitted the affidavit required by § 1915(a) through which Plaintiff contends she is unable to prepay fees and costs or give security for them. Docket No. 2. While a close question, the request to proceed *in forma pauperis* will be granted.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

1 complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d
2 1103, 1106 (9th Cir. 1995).
3       Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint
4 for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is
5 essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d
6 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the
7 claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*
8 *Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations,
9 it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause
10 of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286
11 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint,
12 but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals
13 of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at
14 678. Secondly, where the claims in the complaint have not crossed the line from plausible to
15 conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro*
16 *se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v.*
17 *Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).
18       Broadly construed, Plaintiff brings federal causes of action for sexual harassment, sex
19 discrimination, and retaliation, in addition to state tort claims. *See* Docket No. 1. Title VII allows
20 persons to sue for certain employment-related claims if he or she has exhausted both state and Equal
21 Employment Opportunity Commission (EEOC) administrative procedures. Once a plaintiff files
22 charges with the EEOC, the commission will investigate the charges, attempt to reach a settlement,
23 and decide whether to sue the employer or refer the decision to sue to the Attorney General if the
24 charges are against a state or local governmental entity. *See* 42 U.S.C. § 2000e-5. If the EEOC or
25 Attorney General decides not to sue and if there is no settlement that is satisfactory to plaintiff, the
26 EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies with the
27 EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the right to sue letter, plaintiff may sue in
28 federal or state court. *Id.*; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26

(1990). "Where the employee files a civil action before completion of the administrative process, however, the civil action is subject to dismissal without prejudice as premature." *Bell v. Milburn*, 2016 WL 7049032, at *2 (N.D. Cal. Dec. 5, 2016) (citing *Wrighten v. Metro. Hosps., Inc.*, 726 F.2d 1346, 1351 (9th Cir. 1984) and *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1218 (5th Cir. 1982)).

In this instance, Plaintiff's complaint alleges that she initiated the administrative process with the EEOC. *See, e.g.*, Docket No. 1 at ¶ 39. Plaintiff has not alleged, however, the outcome of that process such as the issuance of a right to sue letter. Accordingly, the complaint fails to sufficiently allege that this case should proceed at this time.[1]

### III.   Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Complaint is **DISMISSED** with leave to amend. Plaintiff will have until **February 17, 2017**, to file an Amended Complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an

---

[1] As noted above, Plaintiff also brings state tort claims. The undersigned declines to screen those claims at this time as it is not clear that independent subject matter jurisdiction would exist as to those claims in the event the federal law causes of action fail.

original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

Dated: January 19, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge