UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| BARBARA J. REGA, | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 2:17-cv-00110-JAD-NJK |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| VANGUARD INTEGRITY PROFESSIONALS, INC., et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Plaintiff is proceeding in this action *pro se* and requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 2. On January 19, 2017, the Court granted the application to proceed *in forma pauperis*. Docket No. 8. The Court then screened Plaintiff's complaint pursuant to § 1915(e), and found that Plaintiff failed to allege that her EEOC proceedings had concluded. *See id.* at 3. As such, the Court dismissed the complaint with leave to amend. *Id.* On February 17, 2017, Plaintiff filed an amended complaint attaching EEOC right to sue letters. Docket No. 9 at 28-29. Accordingly, the concern identified by the Court previously has been addressed.

The Court will therefore screen Plaintiff's amended complaint further to determine if she states a claim for relief, applying the standards previously identified in Docket No. 8. The amended complaint brings a claim for, *inter alia*, retaliation under Title VII. Docket No. 9 at 22. To sufficiently allege a *prima facie* case of retaliation in violation of Title VII to survive a § 1915 screening, a plaintiff must allege: (1) that he or she committed a protected act, such as complaining

about discriminatory practices; (2) that he or she suffered adverse employment action; and (3) that there is a causal connection between the employee's action and the adverse employment action. *See, e.g.*, *Bem v. Clark County School Dist.*, 2015 WL 300373, at *3 (D. Nev. Jan. 21, 2015). Here, Plaintiff alleges that she complained of discriminatory treatment, that her employment was thereafter terminated, and that the termination was retaliation for engaging in protected activity. *See*, *e.g.*, Docket No. 9 at ¶¶ 15, 19, 25, 32, 136. Plaintiff has, therefore, stated a retaliation claim.[1]

Based on the foregoing and good cause appearing, therefore, **IT IS ORDERED** that:

1.      The Clerk of the Court shall issue summons to Defendants and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether Defendants were served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

Dated: March 6, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Because the Court finds that Plaintiff states a claim as to retaliation, it declines to further screen her complaint. *See, e.g.*, *Bem*, 2015 WL 300373, at *3 n.1. Nothing herein precludes Defendants from filing a motion to dismiss as to any claim brought by Plaintiff. *See, e.g.*, *id.*