# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BARBARA J. REGA,<br><br>                Plaintiff(s),<br><br>vs.<br><br>VANGUARD INTEGRITY PROFESSIONALS, INC., et al.,<br><br>                Defendant(s). | Case No. 2:17-cv-00110-JAD-NJK<br><br>ORDER<br><br>(Docket No. 32) |

Pending before the Court is Plaintiffs' motion to compel. Docket No. 32. For the reasons discussed more fully below, the motion is hereby **DENIED** without prejudice.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). Federal Rule of Civil Procedure 37(a)(1) requires that the party bringing a motion to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before

1 filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-
2 confer conference about each disputed discovery request." Local Rule 26-7(c).

3 Judges in this District have held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g.*, *Cardoza*, 141 F. Supp. 3d at 1145.

Plaintiff's motion to compel indicates that she emailed Defendant's counsel on June 23, 2017, requesting supplemental disclosures. Docket No. 32 at 2. Plaintiff has not identified any "personal consultation," however, and the mere sending of an email is not sufficient to satisfy the meet-and-confer requirements for filing a discovery motion. *See, e.g.*, Local Rule IA 1-3(f) ("The exchange of written, electronic, or voice-mail communications does not satisfy this requirement").[2]

---

[1] These requirements are now largely codified in the Court's local rules that became effective in 2016. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

[2] The reply indicates that Plaintiff left a voice-mail for Defendants' counsel *prior* to receiving the initial disclosures. Docket No. 36 at 2. That voice-mail does constitute a sufficient meet-and-confer because it was left prior to receipt of the discovery at issue and, at any rate, exchanging voice-mails does not constitute personal consultation. *See* Local Rule IA 1-3(f).

2

Accordingly, the motion to compel is **DENIED** without prejudice.[3]

IT IS SO ORDERED.

DATED: August 28, 2017

                                                     _____
                                                     NANCY J. KOPPE
                                                     United States Magistrate Judge

---

[3] In reply, Plaintiff argues that she is not seeking to compel discovery and is instead seeking sanctions, a motion to which the meet-and-confer requirements do not attach. Docket No. 36 at 3. Plaintiff's contention that she is not seeking to compel discovery is plainly inconsistent with her motion. *See, e.g.*, Docket No. 32 at 1 (captioned title of document as "PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCLOSURE AND SANCTIONS . . ."); *id.* at 3 ("Plaintiff requests the Court grant her Motion to Compel and for Sanctions").

Moreover, parties may not seek separate forms of relief in a single motion. Local Rule IC 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed"). Because the pending motion improperly combines a motion to compel and a motion for sanctions, the Court declines to opine on the latter and the request for sanctions is **DENIED** without prejudice.